1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
PAUL BARRACLIFFE II, an individual,

9
Plaintiff,

10
v.

Case No. 2:20-cv-01024

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW**

[JURY TRIAL DEMANDED]

11
SNOHOMISH COUNTY SHERIFF ADAM FORTNEY, and his marital community;

12
SNOHOMISH COUNTY DEPUTY SHERIFF ARTHUR WALLIN, and his

13
marital community; COUNTY OF SNOHOMISH, a municipal corporation;

14
SNOHOMISH COUNTY DEPUTY SHERIFF JACK YILMAZ, and his marital

15
community; SNOHOMISH COUNTY DEPUTY SHERIFF MATTHEW BOICE,

16
and his marital community; SNOHOMISH COUNTY DEPUTY SHERIFF JASON

17
HARRIS, and his marital community; SNOHOMISH COUNTY DEPUTY

18
SHERIFF NATHAN SMITH, and his marital community; and SNOHOMISH COUNTY

19
DEPUTY SHERIFF RONALD SMARR, and his marital community; "DOE(S) 1-100",

20
employees of the COUNTY OF SNOHOMISH; and "CORPORATION(S)

21
XYZ 1-100,"

22
Defendants.

23

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 1
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

COMES NOW Plaintiff Paul Barracliffe II, an individual, by and through his attorneys of record, Ada K. Wong and Jordan T. Wada of AKW Law, P.C., and alleges as follows:

## I.     <u>INTRODUCTION</u>

1.     This is a civil action for damages sustained by a citizen of Everett, Washington against County of Snohomish, Washington (hereinafter "Snohomish County") and its law enforcement officers employed by the Snohomish County Department of the Sheriff, whom through their intentional conduct and reckless conscious disregard for the First, Fourth, and Fourteenth Amendments, have caused Plaintiff Paul Barracliffe II to suffer deprivation of his civil and constitutional rights, physical injury, and severe mental and emotional distress.

## II.     <u>JURISDICTION</u>

2.     The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the First, Fourth, and Fourteenth Amendments thereto, and pursuant to 28 U.S.C. § 1367 for his state law tort claims.

## III.     <u>VENUE</u>

3.     All of the unlawful acts and practices alleged herein occurred in Snohomish County, Washington. The Western District of Washington, Seattle Courthouse is the appropriate forum for this matter.

## IV.     <u>PARTIES</u>

4.     Plaintiff Paul Barracliffe II is a citizen of the United States and a resident of the State of Washington.  He was 32 years old when Defendants brutally subjected him to excessive force.

---

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 2**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

5.      Defendant Adam Fortney is, or was at all times relevant hereto, an employee of Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

6.      Defendant Arthur Wallin is, or was at all times relevant hereto, an employee of Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

7.      Defendant Snohomish County is now, and at all times relevant hereto was, a municipal corporation and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington with the right to sue and be sued in its own stead.  Snohomish County controls the nature of the work of the individual Defendants. The civil rights violations enumerated herein were proximately caused by the individual Defendants and Snohomish County, as authorized by their customs, policies, practices, usages, and the decision of their policymakers.

8.      Defendant Jack Yilmaz is, or was at all times relevant hereto, an employee of Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

9.      Defendant Matthew Boice is, or was at all times relevant hereto, an employee Snohomish County and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Department of the Sheriff.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 3**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1     10.     Defendant Jason Harris is, or was at all times relevant hereto, an employee of

2   Snohomish County and, in doing the things complained of herein, was acting under color of

3   law and within the course and scope of his employment by the Snohomish County Department

4   of the Sheriff.

5     11.     Defendant Nathan Smith is, or was at all times relevant hereto, an employee of

6   Snohomish County and, in doing the things complained of herein, was acting under color of

7   law and within the course and scope of his employment by the Snohomish County Department

8   of the Sheriff.

9     12.     Defendant Ronald Smarr is, or was at all times relevant hereto, an employee of

10  Snohomish County and, in doing the things complained of herein, was acting under color of

11  law and within the course and scope of his employment by the Snohomish County Department

12  of the Sheriff.

13     13.     Defendant "Doe(s) 1-100" and "Corporations XYZ 1-100" are persons and

14  entities, respectively, involved with Snohomish County who were involved in the

15  unconstitutional reckless, wanton, unreasonable, and intentional acts described herein. These

16  persons and entities are currently unknown to Plaintiff. Upon discovery of their identities,

17  Plaintiff reserves the right to add them as Defendants in this cause of action.

18     14.     Each Defendant is, and at all times herein mentioned was, an agent of the other

19  and acting within the course and scope of that agency in causing the harm as herein alleged.

20               **V.**    **PROCEDURAL REQUIREMENTS**

21     15.     On or about March 4, 2020, Plaintiff filed Claim for Damage No. R18-001577

22  ("Tort Claim") with the Snohomish County Risk Manager. More than 60 days have elapsed

23  since service of the Tort Claim, to which County of Snohomish, Washington has not provided

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 4**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

a substantive response.  Therefore, Plaintiff has met the statutory requirement to proceed with filing the lawsuit.

## VI.    STATEMENT OF FACTS

16.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 15, above.

**September 26, 2018 Brutal Beating and Tasing of Plaintiff Barracliffe by Sheriffs**

17.    On or about September 26, 2018, at least seven law enforcement officers employed by the Snohomish County Department of the Sheriff severely beat and injured Plaintiff, who peacefully complied.

18.    On or about September 26, 2018, shortly after midnight, Plaintiff sat quietly on the living room sofa at his residence, located at 11911 E. Gibson Rd. #2A, Everett, Washington 98204 (hereinafter "Plaintiff's Home").

19.    Around 12:12 a.m., Plaintiff's mother called 9-1-1 specifically for the purpose of having a mental health check performed on Plaintiff, following an earlier disagreement between Plaintiff and Plaintiff's younger sister.

20.    In 2008, Plaintiff suffered a traumatic brain injury. Since then, he has been diagnosed with and struggled with bi-polar disorder.

21.    Shortly after Plaintiff's mother called 9-1-1, at least seven law enforcement officers from Defendant Snohomish County's Department of the Sheriff arrived at Plaintiff's Home.

22.    The following seven law enforcement officers from Defendant Snohomish County's Department of the Sheriff arrived at Plaintiff's Home that night, split into two or more groups: Snohomish County Sheriff (then-Sergeant) Adam Fortney, ID No. 1282 , Deputy

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 5**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  Sheriff Arthur Wallin, ID No. 1464, Deputy Sheriff Jack Yilmaz, ID No. 1506, Deputy Sheriff

2  Matthew Boice, ID No. 1513, Deputy Sheriff Jason Harris, ID No. 1576, Deputy Sheriff

3  Nathan Smith, ID No. 1587, and Deputy Sheriff Ronald Smarr, ID No. 1595 (collectively

4  "Defendant Sheriffs").

5       23.    Inside Plaintiff's Home were Plaintiff, his mother, his nephew, his two sisters,

6  and K.S., who was the boyfriend of one of Plaintiff's sisters at the time.

7       24.    Defendant Sheriffs did not knock on the door or announce their presence before

8  entering the residence.

9       25.    When Defendant Sheriffs approached Plaintiff's home, K.S. cracked opened

10  the door, and the armed Defendant Sheriffs barged through the door and rushed inside.

11       26.    After bursting through the door, the Defendant Sheriffs who entered Plaintiff's

12  Home found Plaintiff to be peacefully watching television on his sofa.

13       27.    Plaintiff was surprised by the Defendant Sheriffs' entrance.  Several of the

14  Defendant Sheriffs began loudly yelling at Plaintiff to cooperate.

15       28.    Upon seeing the Defendant Sheriffs, Plaintiff put his hands in the air, saying,

16  "I'm cooperating."

17       29.    Without any warning to Plaintiff, two Defendant Sheriffs forcefully grabbed

18  Plaintiff and pulled him backward off the sofa and onto the floor.

19       30.    The sofa was overturned. Sherriff's then dragged Plaintiff into the kitchen.

20       31.    Several Defendant Sheriffs jumped on top of Plaintiff, beating him and

21  forcefully striking him with their closed fists.

22       32.    Plaintiff held his arms up in an attempt to protect his head and face from the

23  ruthless beating.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 6
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      33.     Defendant Nathan Smith punched Plaintiff in his head and ear area several

2  times.

3      34.     At least three Defendant Sheriffs discharged their tasers on Plaintiff.

4      35.     Defendant Sheriffs subjected Plaintiff to taser discharges at least 6 times.

5      36.     Defendant Jason Harris was among the first group of Defendant Sheriffs to

6  enter Plaintiff's Home, and he used his taser on Plaintiff at least twice, applying the weapon to

7  Plaintiff's shoulder and leg.

8      37.     Defendant Harris then proceed to repeatedly punch Plaintiff with a closed fist.

9      38.     Defendant Matthew Boice wrapped his arm around Plaintiff's neck and applied

10  pressure to Plaintiff's neck.

11      39.     After applying the chokehold, Defendant Boice decided to discharge his taser

12  on Plaintiff's back and leg.

13      40.     Defendant Boice discharged his taser 3 times on Plaintiff.

14      41.     Defendant Smith continued to punch Plaintiff after Defendant Boice discharged

15  his taser on Plaintiff.

16      42.     Plaintiff laid flat on his back as several Defendant Sheriffs continued beating

17  him.

18      43.     Plaintiff did not resist Defendant Sheriffs.

19      44.      Plaintiff was restrained and not physically capable of resisting due to being

20  held down by several Defendant Sheriffs while being beaten and tased.

21      45.     Plaintiff cried out in pain and continued to yell that he was not resisting.

22

23

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 7**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

46.     After the first group of Defendant Sheriffs entered Plaintiff's Home, Defendant Adam Fortney arrived and proceeded to get on top of Plaintiff to join the other Defendant Sheriffs who were already on top of Plaintiff beating him.

47.     Defendant Fortney then discharged his taser on Plaintiff's buttocks region twice while Plaintiff was being held by Defendant Fortney's fellow officers.

48.     Defendant Arthur Wallin entered Plaintiff's Home with a German Shepherd police canine (hereinafter "Wallin's K-9").

49.     As Wallin's K-9 entered Plaintiff's Home with Defendant Wallin, he was pulling on his leash and barking loudly.

50.     Within a matter of **3 minutes**, Plaintiff had been tased at least 6 times by 3 different officers, and repeatedly punched on his face and head.

51.     Plaintiff's mother yelled, "Don't hurt him!" and shouted "Stop!" at the Defendant Sheriffs several times.  She feared for her 32-year old son's life.

52.     Defendant Sheriffs then instructed Plaintiff's mother to leave the house and forced Plaintiff's family members outside.

53.     Defendant Smarr held his knee on Plaintiff's upper back as Plaintiff was handcuffed.

54.     After Defendant Sheriffs handcuffed Plaintiff, he was taken outside of his home.

**Handcuffed, Arrested, and Bit After Brutal Beating and Tasing of Plaintiff**

55.     Defendant Sheriffs took Plaintiff into custody.   Approximately 3 minutes passed between Defendant Sheriffs bursting through the front door of Plaintiff's home to arresting him.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 8
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

56.     When Plaintiff was outside and in handcuffs, Defendant Wallin directed his K-9 to attack Plaintiff.

57.     Plaintiff suffered bites to his left ankle and foot.

58.     Defendant Wallin's K-9 bit Plaintiff and held its bite for about 30 seconds, causing damage to Plaintiff's ankle requiring immediate care from an on-site EMT.

59.     One of the Defendant Sheriffs then put a hood over Plaintiff's head, which remained on Plaintiff's head until he arrived at Providence Hospital.

60.     Plaintiff was taken away in a police car by Defendant Smith and transported to the Colby Campus of Providence Hospital, located in Everett, Washington.

61.     Due to the bleeding behind Plaintiff's right eye, he had to be transferred to Harborview Medical Center in Seattle, Washington for care.

62.     The travel time of over 30 miles during the transfer was painful for Plaintiff due to his physical condition after being severely beaten and tased at least 6 times.

63.     Plaintiff was held in transport by Defendant Sheriffs.

**Canine Deployment**

64.     Pursuant to Snohomish County Sheriff's Office Law Enforcement Policy Manual Policy #319.1, a canine's primary purpose is to <u>locate</u> and may be deployed (a) to apprehend a fleeing criminal suspect when there is a reasonable belief that probable cause exists to arrest the suspect for a crime, (b) to locate and apprehend hidden suspects, (c), to locate, apprehend, or control suspects, evidence, or other contraband, (d) for the protection and/or safety of the handler, canine, or other officers or persons, (e) to search for lost persons, evidence, or other contraband, or (f) for drug detection.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 9**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

65.     Defendant Wallin was not authorized to use canine force because there was no need to locate or apprehend Plaintiff.  There was no objectively reasonable basis to believe the officers or any other individual was in immediate danger or needed protection.  There were no facts known to Defendant Wallin supporting probable cause that Plaintiff had committed a crime.  There were no facts known that Plaintiff was trying or reasonably could escape. Plaintiff was surrounded by at least 7 Sheriffs, beating him, holding him down, and tasing him. Plaintiff was handcuffed and not resisting.  In fact, Plaintiff was physically incapable of resisting with the swarm of Sheriffs on top of him.

**Defendants' Refusal and Failure to Follow Procedures or Deescalate the Situation**

66.     Throughout the incident, the officers had numerous opportunities to deescalate the situation and act responsibly and consistently with clearly-articulated, reasonable police procedures.

67.     Defendant Sheriffs made no attempt to deescalate the contact with Plaintiff, but instead rapidly escalated the encounter through their actions, including the increasing use of various excessive force techniques.

68.     There was no need to repeatedly punch Plaintiff in the head when he was complying and helpless on his back.

69.     There was no need to deploy tasers discharges on Plaintiff 6 times between 3 officers.

**Defendant Arthur Wallin's History and Snohomish County's Endorsement of His Use of Excessive and Deadly Force**

70.     There was no need to direct the police K-9 to bite and hold Plaintiff.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 10
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

71.    A reasonable police officer would not have directed a trained police K-9 to bite and hold a defenseless individual as Defendant Wallin did.

72.    The history of Deputy Wallin's use of excessive force was known to Defendant Snohomish County and its Sheriffs before he directed his K-9 to bite Plaintiff.

73.    Defendant Snohomish County knew that Deputy Wallin previously shot a suspect surrendering his weapons as commanded by Defendant Wallin.

74.    On or about August 15, 2013, Defendant Wallin was on duty and shot Gene Fagerlie who was following Defendant Wallin's commands to drop his weapons when Defendant Wallin shot him.

75.    Mr. Fagerlie when shot was in the process of removing a rifle on a sling hanging from his side by grabbing the rifle's muzzle and lifting it from his shoulder in compliance with Defendant Wallin's command to drop his weapons.

76.    At the time Mr. Fagerlie surrendered, he did not pose a threat of serious harm to others, nor was he fleeing but giving himself up to law enforcement officers.

77.    The shooting of Mr. Fagerlie by Defendant Wallin was excessive force.

78.    Defendant Wallin was not reprimanded for his shooting of Mr. Fagerlie, but instead, the Sheriff approved of this excessive force in a flawed investigation failing to properly consider the eyewitness testimony confirming that Mr. Fagerlie was surrendering his weapon when shot.

79.    On January 21, 2016, Defendants Snohomish County and the Sheriff ordered an internal investigation of Defendant Wallin for use of excessive force when deploying a police K-9 to grab hold of a driver through the driver's side window of a fleeing vehicle stopped by a pursuit intervention technique (PIT) maneuver.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 11
*BARRACLIFFE V. FORTNEY, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

80.    The PIT maneuver placed the fleeing vehicle in a ditch blocking the driver's side door with Defendant Wallin's vehicle perpendicular to the passenger side of the fleeing vehicle blocking the passenger side doors.

81.    The fleeing vehicle was immobilized with the only way for the driver to exist the vehicle was through the driver's side window.

82.    Defendant Snohomish County and Snohomish County Sheriff's Office were critical of Defendant Wallin for failing to wait for other enroute units to assist in the safe removal of the fleeing vehicle's occupants.

83.    Defendant Wallin was not reprimanded for this use of excessive force.

84.    On or about June 20, 2017, Defendant Wallin effected an arrest by deploying his police K-9 to bite a citizen under the following conditions indicating Defendant Wallin used excessive force:

   a.  No victim of a crime was identified;

   b.  No contact was made with a reporting party;

   c.  No exigent circumstances existed to effect an arrest with a K-9; and

   d.  No reliable information indicated a crime was committed.

85.    Or about August 20, 2018, Defendant Snohomish County and the Sheriff commenced an internal investigation of Defendant Wallin's use of force for the above June 20, 2017 deployment of his K-9.

86.    On December 19, 2018, after an internal investigation by the Sheriff of the above June 20, 2017 K-9 deployment, Defendant Wallin received a letter of reprimand for use of excessive force which was made a two-year part of his personnel file permitting Defendants

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 12
*BARRACLIFFE V. FORTNEY, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  to reprimand or terminate Defendant Wallin for any further violations of Defendants' policies

2  or procedures.

3      87.    From these prior events of excessive force, Defendant Snohomish County and

4  its Sheriffs knew or should have known that Defendant Wallin used and was likely to use in

5  the future excessive force to effect arrests violating law enforcement policies and practices.

6      88.    Defendant Snohomish County and its Sheriffs have failed to properly supervise,

7  discipline, terminate, or otherwise remediate Defendant Wallin's use of excessive force to

8  effect arrests before he directed the K-9 to bite and hold Plaintiff.

9      89.    Before Defendant Wallin directed the K-9 to bite and hold Plaintiff, it was

10  reasonably foreseeable to Defendants Snohomish County and its Sheriffs that Defendant

11  Wallin would use excessive force the future, including K-9 bite-and-hold force.

12      90.    Defendant Snohomish County and its Sheriffs have ratified and/or permitted

13  Wallin's use of excessive force to arrest suspects by knowing his history of using excessive

14  force and failing to take corrective action including the termination of Defendant Wallin before

15  he directed the K-9 to bite and hold Plaintiff.

16      91.    Defendant Snohomish County's Sheriffs failure to properly supervise, control,

17  terminate, and/or not reinstate Defendant Wallin for multiple incidents of improper use of

18  excessive force was a practice, custom, or policy done in deliberate indifference to the

19  constitutional rights of persons to be free of such excessive force.

20      92.    Snohomish County failed to adequately train, supervise, and discipline its

21  officers and also ratified Defendant Sheriffs' conduct.  As a result, Snohomish County is liable

22  for the harms caused to Plaintiff.

23

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 13**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

93.     Snohomish County was deliberately indifferent to the fact that its inadequate, incomplete, and reckless policies, procedures, and customs would be the animating force behind its officers using unnecessary and unreasonable force.

94.     Snohomish County continues to ratify the use of excessive force by its Sheriff's Deputies.

95.     On October 23, 2018, Defendant Wallin shot and killed 24-year old Nickolas Michael Peters after a vehicle pursuit.

96.     The Snohomish County Multi-Agency Response Team (SMART) conducted an investigation into Nickolas Peters' shooting death.

97.     Deputy Wallin was advised of his rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967), before he was asked to answer questions regarding his shooting of Nickolas Peters by his employer, or SMART.

98.     Defendant Wallin refused to answer questions about the incident.

99.     Then-Snohomish County Sheriff Ty Trenary refused to properly reprimand Defendant Wallin for his refusal to answer questions about Nickolas Peters' shooting death.

100.    The Snohomish County Office of Professional Accountability performed an investigation and found that Defendant Wallin violated policies in pursuing Nickolas Peters' vehicle and in shooting Nickolas Peters.

101.    On October 3, 2019, Sheriff Trenary fired Deputy Wallin, which remained in effect for a matter of months until he was reinstated.

102.    In early 2020, Snohomish County settled with the Estate of Nickolas Peters for $1 million.

**Defendant Arthur Wallin's Reinstatement**

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 14
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

103.   On December 30, 2019, Defendant Fortney became the new Snohomish County Sheriff, replacing Sheriff Trenary.

104.   On or about January 21, 2020, Defendant Fortney reinstated Defendant Wallin as a Sheriff's Deputy K-9 handler with backpay.

105.   In reinstating Defendant Wallin, Defendant Fortney concluded that both the vehicle pursuit of and use of deadly force on Nickolas Peters were justified, and stated, "Deputy Wallin never should have been terminated in the first place."

106.   Snohomish County's ratification of the use of force by its officers continues, as Snohomish County maintains Defendant Wallin's use of force was justified.   Snohomish County's review of the incident failed to address the series of Defendants' policy violations that escalated the events and culminated in the use of force.

**Plaintiff Barracliffe's Damages**

107.   Plaintiff was not holding or in possession of a weapon at any point in time throughout this encounter.   He was sitting on the sofa watching TV before this violent encounter happened.

108.   Plaintiff did not attempt to reach for a weapon of any kind at any point time throughout this encounter.

109.   The only movements Plaintiff made voluntarily were to raise his hands to show he was unarmed, defenseless, and cooperating, and to move his arms to protect his face after Defendants began beating him.

110.   Plaintiff did not verbally threaten or move in any manner to threaten any Defendant Sheriffs at any point in time during this encounter.   Plaintiff repeatedly told them that he was not resisting.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 15
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

111.    Plaintiff suffered severe physical injuries to his head, face, eyes, back, legs, foot, and ankle as a result of Defendant Sheriffs' unreasonable and unnecessary use of force.

112.    Defendant Sheriffs' punches to Plaintiff's head left his face swollen and bleeding.  Plaintiff's right eye was swollen shut, and he required sutures for a deep cut above his right eye.

113.    Defendant Sheriffs' punches to Plaintiff's head also caused bleeding above his left eye.  They also left Plaintiff with 2 black eyes.  Plaintiff was wearing contact lenses at the time of the beating causing additional pain.

114.    Wallin's K-9's bite and hold on Plaintiff's ankle left puncture wounds and caused bleeding.

115.    Plaintiff suffered taser wounds on his leg, back, shoulder, and buttocks region.

116.    Plaintiff feared for his life during the attack.  While the attack continued and escalated within a matter of seconds, he believed he was going to be killed by the Defendant Sheriffs.

117.    Defendant Sheriffs' use of any force against Plaintiff was not reasonable because he had complied with Defendants from the moment the first group of Defendant Sheriffs entered Plaintiff's Home.

118.    Since the horrific beating, Plaintiff has lost trust in law enforcement and has experienced serious emotional distress as a result of Defendants' conduct, including but not limited to extreme anxiety, fear, betrayal, humiliation, and anguish.

119.    A contributing cause of Plaintiff's injuries described herein and the violation of his federal constitutional rights was the unconstitutional policies, practices, and operating procedures of the Snohomish County Sheriff's Office.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 16
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

120.    As a result of Defendants' deliberate and reckless actions, Plaintiff suffered physical harm as well as severe mental and emotional distress.  Plaintiff had to seek counseling for his mental condition as a result of the brutality Defendants subjected him to.

## VII.    FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT – UNLAWFUL ARREST AGAINST ALL DEFENDANTS)

121.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 120, above.

122.    The actions of Defendant Sheriffs in arresting Plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 U.S.C. § 1983.

123.    Defendant Sheriffs, and each of them, subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

124.    The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT – UNLAWFUL DETENTION)

125.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 124, above.

126.    The actions of Defendants, as detailed above, deprived Plaintiff of his Fourth Amendment rights to be free from unlawful detention and deprived him of his Fourth

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 17
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 U.S.C. § 1983.

127.    Defendants subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

128.    The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

### THIRD CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT – UNREASONABLE USE OF FORCE AGAINST ALL DEFENDANTS)

129.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 128, above.

130.    The actions of Defendant Sheriffs, as detailed above, deprived Plaintiff of his Fourth Amendment rights to be free from unnecessary, unreasonable, and excessive uses of force in violation of 42 U.S.C. § 1983.

131.    Defendant Sheriffs subjected Plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

132.    The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

### FOURTH CLAIM FOR RELIEF

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 18
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

(**42 U.S.C. § 1983 – FAILURE TO PREVENT CIVIL RIGHTS VIOLATION/FAILURE TO INTERVENE**)

3      133.    Plaintiff hereby incorporates by reference all allegations contained in

4    paragraphs 1 through 132, above.

5      134.    By and through Defendants' conduct and under color of law, during the

6    constitutional violations described herein, one or more of the Defendants had the opportunity

7    to intervene to prevent the violation of Plaintiff's constitutional rights but failed to do so.

8      135.    As a direct and proximate result of Defendants' failure to intervene to prevent

9    the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including but not

10   limited to physical harm and severe emotional distress.   Defendants had a reasonable

11   opportunity to prevent this harm but failed to do so.

12                          **FIFTH CLAIM FOR RELIEF**

13              (**42 U.S.C. § 1983 – *MONELL* CLAIM – COUNTY OF SNOHOMISH**)

14     136.    Plaintiff hereby incorporates by reference all allegations contained in

15   paragraphs 1 through 135, above.

16     137.    Reasonable and competent law enforcement officers would have known that

17   the use of force to detain, seize, or arrest Plaintiff clearly violated established constitutional

18   prohibitions on the use of excessive force and federal constitutional rights to be free from the

19   use of excessive deadly force and unreasonable seizure.

20     138.    Police dogs trained to "bite and hold," (*see Chew v. Gates*, 27 F.3d 1432, 1453

21   (9th Cir. 1994)), have been called "the most severe force authorized short of deadly

22   force." *Smith v. City of Hemet*, 394 F.3d 689, 701–02 (9th Cir. 2005) (*en banc*).

23

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 19
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    139.    At the time Deputy Wallin directed the police canine to severely bite and hold

2    Plaintiff who had complied and been subdued, law enforcement officers knew that such force

3    should not be used to arrest an unarmed suspect who did not pose a threat of inflicting serious

4    physical harm on others.

5    140.    At all times relevant to this lawsuit, Defendant Snohomish County breached its

6    duty to properly supervise, discipline, or terminate Deputy Wallin and other Snohomish

7    County Deputy Sheriffs, or otherwise remediate their unconstitutional use of excessive force.

8    141.    The Sheriff is the chief executive officer and conservator of the peace in

9    Snohomish County.

10    142.    The Sheriff is responsible for administrating and managing the Snohomish

11    County Department of the Sheriff.

12    143.    The Sheriff and his designees had a duty to investigate the personnel complaints

13    against Deputy Wallin.

14    144.    The Sheriff has a duty to investigate and review the use of excessive force by

15    Deputy Wallin.

16    145.    The Sheriff is the policymaker with the final, unreviewable discretion to

17    discipline and/or fire Deputy Wallin.

18    146.    The several Snohomish County Sheriffs presiding at the time of Deputy

19    Wallin's employment knew or should have known the facts and circumstances of his use of

20    excessive force and approved the same.

21    147.    This history of Deputy Wallin's use of excessive force, including lethal force,

22    was known to Defendant Snohomish County and its Sheriffs before this shooting.

23

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 20**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

148.    Deputy Wallin's prior events of excessive force Defendant Snohomish County and its Sheriffs knew or should have known that Deputy Wallin used and was likely to use in the future excessive force to effect arrests violating law enforcement policies and practices.

149.    Defendant Snohomish County failed to properly supervise, control, discipline, terminate, or otherwise remediate Deputy Wallin's use of excessive force to effect arrests prior to the September 26, 2018 encounter with Plaintiff.

150.    Before Defendants' the September 26, 2018 encounter with Plaintiff, it was reasonably foreseeable to Defendant Snohomish County that Deputy Wallin would use excessive force in future arrests.

151.    Defendant Snohomish County and its Sheriffs have ratified and/or permitted Defendant Wallin's use of excessive force to arrest suspects by knowing his history of using excessive force.

152.    Defendant Snohomish County's Sheriffs failure to properly supervise, control, discipline, and/or terminate Deputy Wallin for multiple incidents of improper use of excessive force was a practice, custom, or policy done in deliberate indifference to the constitutional rights of persons to be free of such excessive force.

153.    A contributing cause of the actual damages suffered by Plaintiff and the violation of his federal constitutional rights was the unconstitutional policies, practices, and operating procedures of  Defendant Snohomish County and its Department of the Sheriff.

154.    Thus, the need to supervise, control, discipline, terminate, or otherwise remediate its law enforcement officers' use of excessive force to effect arrests can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 21
*BARRACLIFFE V. FORTNEY, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

155.     In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) failure to properly supervise, control, discipline, terminate, or otherwise remediate its law enforcement officers' use of excessive force to effect arrests, including the law enforcement officers named in this complaint; and (3) causation between the failure to supervise, discipline, terminate, or otherwise remediate and each of Plaintiff's injuries.

156.     Snohomish County breached its duty of care to Plaintiff as a citizen because it failed to adequately supervise, control, discipline, terminate, or otherwise remediate its law enforcement officers' use of excessive force to effect arrests. This lack of adequate supervision, control, discipline, and other remediation is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful use of force, detention, and arrests by law enforcement officers employed by Defendant Snohomish County.

157.     Defendant Snohomish County's lack of adequate supervision, control, discipline, and other remediation permitted each individual Defendant to use poor judgment in arresting Plaintiff and in using excessive force.

158.     The foregoing acts, omissions, and systemic failures are customs and policies of Defendant Snohomish County, which caused its deputies/employees to use the amount of force to be used was within their unfettered discretion, with the foreseeable result that deputies would likely cause the deprivation of rights that occurred in this case.  Such conduct on the part of Defendant Snohomish County renders it liable for its officer's constitutional violations.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 22**
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

159.     As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of Defendants caused the constitutional violations and the damages described above.

160.     Defendant Snohomish County is liable for the harm to Plaintiff described herein.

161.     At all times herein mentioned, Snohomish County had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officers so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, Snohomish County failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights.  Defendant Snohomish County's conduct described above shows that it does not know what constitutes reasonable force because of inadequate training by Snohomish County.

### SIXTH CLAIM FOR RELIEF

### (ASSAULT AND BATTERY)

162.     Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 161, above.

163.     Defendant Sheriffs acted with the intent to cause an apprehension of harmful or offensive contact, and did in fact cause offensive contact, with Plaintiff as described above.

164.     The direct and proximate result of Defendant Sheriffs acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

165.     All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 23
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

166.    All Defendants subjected Plaintiff to such deprivations with malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

167.    At no time did Plaintiff consent or acquiesce to any of Defendants' acts alleged above.

## SEVENTH CLAIM FOR RELIEF

### (NEGLIGENCE)

168.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 167, above.

169.    Defendant Snohomish County, through its Sheriffs, owes a duty of care to residents of Snohomish County, including Plaintiff, to not cause unnecessary foreseeable harm in the course of law enforcement interactions, including the use of excessive force.

170.    Defendant Sheriffs, acting as agents of Snohomish County, breached that duty of care by engaging in a course of conduct that unreasonably escalated the encounter to the use of excessive force.

171.    Defendant Snohomish County was negligent in allowing its employees to detain, assault, and use unreasonable force on Plaintiff, which caused him mental, emotional, and physical injuries.

172.    Defendant Snohomish County was negligent in not properly supervising its employees, not properly training them in the use of appropriate force and not properly adopting protocols on the appropriate use of force.

173.    As discussed above, Defendant Sheriffs and Snohomish County are liable to Plaintiff for damages for their negligence.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 24
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## **EIGHTH CLAIM FOR RELIEF**

### **(IIED/OUTRAGE)**

174.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 173, above.

175.    Defendant Sheriffs, by their use of excessive force sufficient to cause severe damage to Plaintiff's person, namely severe trauma to Plaintiff head, taser wounds, and a severe police canine bite and hold to his foot and ankle area, requiring immediate medical attention, have engaged in the tort of intentional infliction of emotional distress ("IIED") or outrage.

## **NINTH CLAIM FOR RELIEF**

### **(NEGLIGENT HIRING AND SUPERVISION/FAILURE TO TRAIN)**

176.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 175, above.

177.    Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, Defendant Snohomish County knew, or in the exercise of reasonable diligence should have known, that Defendant Sheriffs were unfit to be Snohomish County Sheriff's Deputies.  Defendant Snohomish County failed to provide the appropriate background check and supervision of Defendant Sheriffs which would have likely prevented them from committing the very types of acts that they are accused of doing.

178.    Defendant Snohomish County failed to implement a system to conduct proper background checks on employees before hiring them and failed to properly supervise and train its employees.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 25
*BARRACLIFFE V. FORTNEY, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

179.    The direct and proximate result of Defendants' acts is that Plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that he was deprived of his physical liberty, and that he incurred medical and legal expenses.

## TENTH CLAIM FOR RELIEF

### (*RESPONDEAT SUPERIOR*)

180.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 179, above.

181.    In doing the things alleged herein, Defendant Sheriffs were acting within the course and scope of their employment with Snohomish County.  Defendant Snohomish County is therefore jointly and severally liable for the conduct of Defendant Sheriffs and damages.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on his behalf for the following:

A.    Special damages;

B.    General damages, including but not limited to physical, mental, and emotional injury resulting from the acts and omissions complained of herein in an amount according to proof at trial;

C.    Punitive damages from individual Defendants on Plaintiff's claims under 42 U.S.C. § 1983;

D.    Attorney's fees and costs under 42 U.S.C. § 1988 and to the extent otherwise permitted by law as determined by this Court;

E.    Any and all applicable interest on the judgment, including pre-judgment interest;

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 26
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1        F.      Compensation for any tax penalty associated with recovery;

2        G.     Should a judgment be entered against Snohomish County, Plaintiff requests

3 injunctive relief so that the policies, practices, and customs of the Sheriff's Office that led to

4 the harm suffered by Plaintiff can be reformed to prevent further damage to the community in

5 the future; and

6        H.     For such other and further relief as this Court deems just and equitable.

7 **DATED** July 1, 2020.

8                     **AKW LAW, P.C.**

9

10                     _____

11                     Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937

12                     Attorneys for Plaintiff
6100 219th St. SW, Suite 480

13                     Mountlake Terrace, WA 98043
Tel.: (206) 259-1259

14                     Fax: (855) 925-9529
E-mail: ada@akw-law.com

15                     E-mail: jordan@akw-law.com

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW - 27
*BARRACLIFFE V. FORTNEY, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529