The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BARRACLIFFE, II,<br><br>                    Plaintiff,<br><br>    vs.<br><br>SNOHOMISH COUNTY SHERIFF ADAM FORTNEY, and his marital community; et al.<br><br>                    Defendants. | NO. C20-1024-RSL<br><br>DEFENDANT SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO COMPEL RULE 35 PSYCHOLOGICAL EVALUATION OF PLAINTIFF PAUL BARRACLIFFE, II<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, June 11, 2021** |

## I.   RELIEF REQUESTED

Defendants Snohomish County, Adam Fortney, Ronald Smarr, Nathan Smith, and Jason Harris move the court for an order compelling Plaintiff, Paul Barracliffe II, to submit to a psychological evaluation by **Dr. Evan Freedman, Forensic Psychologist** on:

Date:      July 6, 2021
Time:      8:00 AM PDT
Location:  by remote means, via Zoom

for a duration not to exceed eight hours (8) excluding reasonable breaks. The proposed examination includes interviews and the administration of psychological tests, including the

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 1
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

MMPI-2. Defendants request an order permitting Dr. Freedman to administer the MMPI-2 and no more than four (4) additional psychological tests at Dr. Freedman's sole discretion. Defendants further request the order permit only the examiner, Dr. Freedman, to audio or video record the examination, and prohibit the presence of any other person during the testing portions of the examination.

This motion is made pursuant to Rule 35 and on the grounds that Plaintiff's psychological condition is in controversy and good cause exists to compel the examination. The Court should grant Defendants' motion.

## II.   FACTS

Plaintiff Paul Barracliffe filed his Complaint on July 1, 2020 and an Amended Complaint on September 9, 2020. Dkt. 1 and 30. Plaintiff alleges that on September 26, 2018, Snohomish County Sheriff's Office deputies used excessive force, causing Plaintiff to suffer physical injuries, *see* Dkt. 30, ¶¶112-16, as well as "severe mental and emotional distress," *see* Dkt. 30, ¶¶119 and 121. Plaintiff's claims include one for intentional infliction of emotional distress. Dkt. 30, ¶¶178-79.

On October 9, 2020, the County served its first set of interrogatories and requests for production on Plaintiff. Duncan Decl., ¶2. Interrogatory No. 11 asked Plaintiff as follows:

> **INTERROGATORY NO. 11:** Please state with specificity any and all damages you are claiming, including but not limited to physical and/or emotional trauma, pain and suffering, lost income, lost future wages, lost benefits, medical expenses, and all general and special damages sustained by you as a result of the acts and/or omissions as alleged in your Amended Complaint.

Duncan Decl., Ex. 1. After two conferences of counsel, initiated by Defendant Snohomish County's counsel, Plaintiff disclosed his claimed damages on February 24, 2021:

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 2
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

> Plaintiff's damages include but is not limited to subconjunctive hemorrhage, periorbital hematoma of right eye, blunt eye trauma, dog bite of left ankle, traumatic hematoma of right orbital, and physical injuries to his face, head, ribs, arms, hands, chest, and legs. He suffered trauma to his brain, brain damage, psychological distress, post-traumatic stress disorder, worsening of his bipolar disorder, worsened feelings of detachment/estrangement from others, paranoia, exaggerated startled response to certain movements and noises, hypervigilance, strong negative feelings including but not limited to depression, suicidal thoughts, guilt, and other self-directed negative ideations. Plaintiff also suffered loss of quality of life, betrayal, embarrassment, self-doubt, fear, distress, disgust, anger, resentment, outrage, hopelessness, and feelings of lack of safety. Plaintiff continues to suffer effects today and is trying to seek treatment.
>
> Plaintiff specifically reserves the right to amend his response during the course of discovery.

Duncan Decl., Ex. 1. Discovery has disclosed that Plaintiff suffered a traumatic brain injury in 2008. *See* Dkt. 43.

On April 12, 2021, defense counsel sent correspondence to Plaintiff's counsel with a proposed stipulation for a Rule 35 evaluation by Dr. Freedman on May 25, 2021. Duncan Decl., Ex. 2. Plaintiff's counsel did not respond to that letter or the proposed stipulation. Duncan Decl., ¶3. On Friday, April 16, 2021, without notice, Plaintiff's counsel moved to withdraw from their representation of Plaintiff in this matter. *Id.*, Dkt. 41. On April 20, 2021, the parties' counsel participated in an Rule 37 telephone conference regarding the proposed Rule 35 examination but were unable to reach any agreement as Plaintiff's counsel conveyed they did not have authority to stipulate to the Rule 35 examination as they had limited contact with Plaintiff. *Id.*, ¶5, Ex. 3. Given the scheduling order, Dr. Freedman's limited availability, and the fact that Plaintiff has placed his mental condition at issue, defense counsel indicated to Plaintiff's counsel that it would need to proceed with filing a motion to compel. *Id.* Subsequent to a telephone conference with the Court and the parties on April 22, 2021, the Court issued an amended scheduling order. Dkt.

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 3
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

46. Defense counsel then reserved another date for a Rule 35 examination by Dr. Freedman—July 6, 2021. Duncan Decl., ¶6. The Court granted Plaintiff's counsel's motion to withdraw on May 18, 2021. Dkt. 47.

As Plaintiff is now proceeding *pro se* in this matter, *see id.*, defense counsel sent Plaintiff a letter on May 19, by mail and email, enclosing a proposed stipulation for the Rule 35 examination. Duncan Decl., ¶7, Ex. 4. Defense counsel indicated they would call Plaintiff on May 25, 2021, at 1:30 p.m. and, if that date and time did not work, requested Plaintiff propose another time on May 25 or May 26 to satisfy the meet and confer requirements. *Id.* Plaintiff did not respond to this letter. *Id.*, ¶7.

On May 25, 2021, at 1:30 p.m., defense counsel called Plaintiff to meet and confer. The call went straight to Plaintiff's voicemail. Defense counsel indicated they were calling to meet and confer on the proposed stipulation for the Rule 35 examination that they had sent him on May 19. They requested that Plaintiff call them back by 5 p.m. on May 26 and informed Plaintiff that, if they were not able to meet and confer by that time, Defendants would proceed with filing a motion to compel the Rule 35 examination. Plaintiff did not return defense counsel's call. *Id.*, ¶8.

The deadline for expert reports is September 6, 2021. Dkt. 46.

### III.     ISSUES PRESENTED

1. Is the mental condition of Plaintiff in controversy? Yes.

2. Does good cause exist to order Plaintiff to submit to a psychological evaluation? Yes.

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 4
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

## IV.   EVIDENCE RELIED UPON

This motion is based on the pleadings and papers filed herein, as well as the declaration of Dr. Evan Freedman and the exhibits attached thereto, and the declaration of Margaret A. Duncan and the exhibits attached thereto.

## V.   AUTHORITY AND ARGUMENT

Fed. R. Civ. P. 26(b)(1) states, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 35(a) provides in part:

> (1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) *Motion and Notice; Contents of the Order.* The order:
>
>   (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
>   (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

A plaintiff who "asserts mental or physical injury (citation omitted) places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *See Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Whether a medical condition is "in controversy" for purposes of Rule 35 is determined by analyzing whether the plaintiff: "(1) has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) has alleged

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 5
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

a specific mental or psychiatric disorder; (3) has claimed unusually severe emotional distress; (4) has offered expert testimony in support of his claim for emotional distress damages; or (5) concedes that his mental condition is 'in controversy'." *Bonner v. Normandy Park*, 2008 WL 624942, at *1 (W.D. Wash. Feb. 12, 2018); *see also Spencer v. Peters*, 2012 WL 6114882 (W.D. Wash. Dec. 10, 2012). Claims of ongoing distress or mental injury place a plaintiff's mental state in controversy and establish good cause for a mental examination. *See Bonner,* 2008 WL 624942, at *2; *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (plaintiff's allegation in the complaint that emotional distress is ongoing sufficient to establish good cause to compel a mental examination). Rule 35 "is to be construed liberally in favor of granting discovery." *Rivas v. Fishing Co. of Alaska, Inc.*, 2009 WL 1683280, at *1 (W.D. Wash. June 15, 2009).

Plaintiff has placed his mental condition in controversy by alleging mental and emotional distress in his complaint, and by asserting under oath in discovery that the September 26, 2018, incident has caused "…trauma to his brain, brain damage, psychological distress, post-traumatic stress disorder, worsening of his bipolar disorder, worsened feelings of detachment/estrangement from others, paranoia, exaggerated startled response to certain movements and noises, hypervigilance, strong negative feelings including but not limited to depression, suicidal thoughts, guilt, and other self-directed negative ideations." *See* Duncan Decl., Ex. 1. Plaintiff further claims he "continues to suffer effects today[.]" *Id.* Plaintiff has placed his mental condition in controversy.

Additionally, good cause exists for the Rule 35 evaluation because, without a Rule 35 evaluation, Defendants will not have the opportunity to challenge Plaintiff's alleged emotional

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 6
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

and psychological distress claims. In the absence of having an opportunity to examine Plaintiff prior to trial, Defendants would be at a significant disadvantage in rebutting Plaintiff's claims of "trauma to his brain, brain damage, psychological distress, post-traumatic stress disorder, worsening of his bipolar disorder" and his other claimed damages, of which he claims to "continue to suffer effects" today. As stated by defense forensic psychologist Dr. Freedman, he is unable to provide expert opinions on Plaintiff's psychological condition without the proposed examination.

## VI.   CONCLUSION

For the foregoing reasons, Defendants request the Court grant this motion for an order compelling Plaintiff Paul Barracliffe to submit to a psychological Rule 35 examination, including psychological tests and interviews, by psychologist, Dr. Evan Freedman on July 6, 2021.

DATED this 27th day of May, 2021

ADAM CORNELL
Snohomish County Prosecuting Attorney

By:  /s/Margaret A. Duncan
MARGARET A. DUNCAN, WSBA #47876
DEBORAH A. SEVERSON, WSBA #35603
Deputy Prosecuting Attorneys
Snohomish County Prosecutor's Office-Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4060
Phone: 425.388.6330 / Fax: 425.388.6333
Margaret.Duncan@co.snohomish.wa.us
Deborah.severson@co.snohomish.wa.us

*Attorneys for Defendants Snohomish County, Adam Fortney, Jason Harris, Nathan Smith and Ronald Smarr*

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 7
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

# DECLARATION OF SERVICE

I hereby certify that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that I caused to be served a true and correct copy of foregoing document upon the persons listed by the methods indicated:

| | |
|---|---|
| Paul Barracliffe II<br>11911 E. Gibson Road #2A<br>Everett, WA 98204<br>freefoodpaul@gmail.com<br>*Plaintiff pro se* | ☐ **Electronic Filing (CM/ECF)**<br>☐ Facsimile<br>☒ Email<br>☒ **U.S. Mail**<br>☐ Messenger Service |
| Shannon M. Ragonesi<br>Paul J. Triesch<br>Keating, Bucklin & McCormack<br>801 Second Avenue, Suite 1210<br>Seattle, WA 98104<br>sragonesi@kbmlawyers.com<br>ptriesch@kbmlawyers.com<br>*Attorneys for Arthur Wallin and Matthew Boice* | ☒ **Electronic Filing (CM/ECF)**<br>☐ Facsimile<br>☐ **Email-**Per Stipulated E-Service Agreement<br>☐ **U.S. Mail**<br>☐ Messenger Service |

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Snohomish, Washington, this 27th day of May, 2021.

_____
Teresa Kranz, Legal Assistant

Defendant Snohomish County, Fortney, Smarr, Smith, and Harris's
Motion to Compel Rule 35 Exam - 8
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333