The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BARRACLIFFE, II,<br><br>                                Plaintiff,<br><br>       vs.<br><br>SNOHOMISH COUNTY SHERIFF ADAM FORTNEY, and his marital community; et al.<br><br>                                Defendants. | NO. C20-1024-RSL<br><br>DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 6, 2021** |

## I.      INTRODUCTION AND RELIEF REQUESTED

The most critical factor to be considered in case-dispositive motions arising from discovery deficiencies is whether a party's discovery violations make it "impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1097 (9th Cir. 2007) (internal citations omitted).

Plaintiff Paul Barracliffe, II's lack of meaningful participation in this case warrants its dismissal. Plaintiff failed to provide complete responses to the County's First Set of Interrogatories and Requests for Production that the County served on Plaintiff in October 2020, which required defense counsel to follow up with Plaintiff's counsel several times in January and February of 2021. To date, certain responses of Plaintiff's to the first set of written discovery

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

remain deficient. Additionally, Plaintiff failed to answer the County's Second Set of Interrogatories that the County served in March 2021. After his counsel's withdrawal, Plaintiff refused to meet and confer on two separate occasions; once in regard to the proposed stipulation for the Rule 35 evaluation and once in regard to his deficient discovery responses. Plaintiff failed to appear for his properly noted deposition on June 30, and he most recently violated the Court's ordered Rule 35 evaluation by failing to appear at the evaluation. On top of that, Plaintiff cursed at the Rule 35 examiner after he sent Plaintiff a Zoom link to appear for the evaluation. Plaintiff likewise recently cursed at a Snohomish County Sheriff's Office Public Disclosure Unit employee when she provided him an installment of records in response to a public records request made by Plaintiff's former counsel on his behalf. Plaintiff's conduct in and attitude toward this case has prevented Defendants from obtaining the true facts relevant to the claims and defenses in this matter and has therefore hindered their vigorous defense.

Having the opportunity to access and explore the true facts relating to Plaintiff's allegations is pivotal for this case to proceed. Given Plaintiff's lack of meaningful participation in this case, his violation of the Court's Order, and his inappropriate emails to the Rule 35 examiner, continuing this case any further is a waste of judicial resources and prejudicial to Defendants who have now tried to move this case forward for months on end. Indeed, this case has been pending for over a year. Further, because Plaintiff is preventing Defendants from exploring the true facts relating to his allegations, it is unlikely there would be any disposition of this case on the merits even if this case proceeded.

Pursuant to Fed. R. Civ. P. 37 and 41 and LCR 37, Defendants Snohomish County, Fortney, Harris, Smith, and Smarr ("moving Defendants") move for dismissal of Plaintiff's Amended Complaint for Plaintiff's (1) failure to completely respond to discovery requests; (2) failure to meet and confer; (3) failure to comply with the Court's Order regarding the Rule 35 psychological evaluation; (4) failure to appear for his deposition; and (5) abandonment of his

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 2
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

case. Given Plaintiff's failure to participate in this case in any meaningful way, moving Defendants respectfully request Plaintiff's Amended Complaint be dismissed with prejudice.

In the alternative, should the Court deny moving Defendants' motion to dismiss, moving Defendants request that the Court issue two orders: (1) an order amending the case schedule, including extending the deadline for expert reports by an additional 120 days so that Defendants have sufficient time to reschedule another Rule 35 psychological evaluation with Dr. Freedman, although it is unlikely Plaintiff will appear at any rescheduled Rule 35 psychological evaluation; and (2) an order requiring Plaintiff to reimburse moving Defendants' the reasonable costs of the Rule 35 evaluation on July 6, 2021, as well as the court reporter and videographer fees for Plaintiff's deposition at which he did not appear on June 30, 2021.[1]

## II.   FACTS

A.   Procedural History.

Plaintiff, while represented by counsel, filed his Complaint for Damages for Violation of Civil Rights Under 42 U.S.C. § 1983 and Washington Law on July 1, 2020. Dkt. 1. In the parties Joint Status Report and Discovery Plan, Dkt. 26, Plaintiff indicated he believed discovery could be completed by July 9, 2021 and that the case would be ready for trial on October 4, 2020. Dkt. 26, p. 5. Subsequently, the Court ordered discovery be completed by September 5, 2021, and that trial be set for January 3, 2022. Dkt. 27. Then, on September 9, 2021, Plaintiff filed an Amended Complaint in which Plaintiff named Snohomish County 911.[2] Dkt. 30. Defendant Yilmaz was dismissed from this suit on December 14, 2020. Dkt. 36. On April 16, 2021, the parties filed their Stipulated Motion Regarding Deadline for Expert Reports. Dkt. 40. Later that day, Plaintiff's counsel filed their motion to withdraw from representing Plaintiff in this matter. Dkt. 41. On April 20, 2021, the Court granted the parties' Stipulated Motion Regarding Deadline for Expert Reports,

---

[1] Should the Court deny moving Defendants' motion to dismiss, moving Defendants request that the denial be without prejudice so that Defendants may renew their motion should Plaintiff continue to refuse to participate in this case.
[2] The docket does not reflect that Snohomish County 911 was ever served with Plaintiff's Amended Complaint, and Snohomish County 911 has not entered a Notice of Appearance.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 3
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

which extended the expert report deadline from July 7, 2021 to August 6, 2021. Dkt. 43. Subsequent to the telephone conference with the Court on April 22, the Court extended all pretrial deadlines, with the trial date to be determined. Dkt. 46. The Court granted Plaintiff's counsel's motion to withdraw on May 18, 2021. Dkt. 47. Several of the named-Defendants moved to compel a Rule 35 psychological evaluation, which Plaintiff did not oppose. The Court granted the motion on June 29, 2021. Dkt. 54. Moving Defendants now move for dismissal of Plaintiff's Amended Complaint.

B.   Facts Relevant to Plaintiff's Abandonment of his Lawsuit and Failure to Engage in Discovery.

Plaintiff's lack of participation in this case was apparent beginning in November 2020 after receiving his responses to the County's First Set of Interrogatories and Requests for Production. What followed throughout the winter and spring firmly established Plaintiff was not meaningfully participating in discovery. Once moving Defendants proposed a Rule 35 psychological evaluation of Plaintiff, it was not long after that Plaintiff's counsel moved to withdraw. It was clear at that point that Plaintiff had no interest in cooperating with discovery in this case. Plaintiff failed to oppose moving Defendants' motion to compel the Rule 35 psychological evaluation, which suggested that Plaintiff had lost interest in pursuing his case. Plaintiff then failed to appear for his properly-noted deposition, and not long after that, he violated the Court's order regarding the Rule 35 evaluation by failing to appear. Plaintiff then went one step further by emailing the Rule 35 examiner, "F[***] YOU[,]" in response to the examiner emailing Plaintiff a copy of the Court's Order regarding the evaluation. *See* Duncan Declaration; Freedman Declaration. As follows are the relevant facts demonstrating Plaintiff's failure to engage in discovery and his abandonment of his case.

//

//

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 4
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

     *i.*     *Defendants struggle to obtain complete responses to written discovery requests while Plaintiff is represented by counsel.*

Plaintiff's failure to engage in discovery did not begin when his counsel moved to withdraw from representation in April 2021. Rather, Plaintiff's unwillingness to provide complete and/or accurate discovery responses has been ongoing since November 2020. Plaintiff's responses to the County's First Set of Interrogatories and Requests for Production were nowhere near complete when served on November 9, 2020. Duncan Decl., Ex. 1. For most of the interrogatories and requests for production, Plaintiff responded, "Discovery is in its early stages and Plaintiff reserves the right to supplement his response." Plaintiff did not provide any responses and/or responsive documents to five of the interrogatories and nine of the requests for production; for the remainder of the requests for production, Plaintiff referred generally to documents from his initial disclosures. *Id.* In addition, the interrogatory requesting Plaintiff describe in detail the events alleged in his Amended Complaint specifically said, "Please do not refer to your Amended Complaint or any other documents in lieu of answering this interrogatory." Yet, Plaintiff ignored the express instruction and his answer was a cut and paste of the factual allegations contained in his Amended Complaint. *Id.*, p. 9. It is unclear if the cut and paste allegations are based on Plaintiff's personal knowledge. Plaintiff's response to the interrogatory regarding his medical providers contained four providers, with little to no detail. *Id.*, pp. 13-14. Plaintiff did not detail whether any of the persons with knowledge had made any written statements. *Id.*, p. 14. Furthermore, Plaintiff did not outline what he was specifically claiming as to any physical and/or non-physical damages. *Id.*, pp. 20-21.

Plaintiff did not supplement his discovery responses or produce any documents in November or December 2020. *Id.*, ¶3. Nor did Plaintiff seek any protective orders. *See* Docket. As a result, on January 4, 2021, defense counsel wrote to Plaintiff's counsel, outlining the multitude of discovery deficiencies and requesting to meet and confer. Duncan Decl., ¶3, Ex. 2. Counsel conferred on January 12. Defense counsel then wrote Plaintiff's counsel a letter

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 5
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

memorializing their telephone conference. *Id.*, ¶4; Ex. 3. Plaintiff's counsel did not disagree with the contents of the letter. On January 26, Plaintiff served supplemental discovery responses to certain requests, while continuing to ignore other requests. *Id.*, ¶5, Ex. 4. Additionally, Plaintiff's "supplemental" answer to the interrogatory requesting Plaintiff describe in detail the events alleged in his Amended Complaint without referring to the Amended Complaint or any other documents was nearly the same as the original answer—although there were some changes, many of the allegations were again cut and paste from the Amended Complaint. It still remained unclear if the allegations were based on Plaintiff's personal knowledge. Additionally, Plaintiff "supplemented" his answer to Interrogatory No. 13 regarding his drug and/or alcohol usage within the 72 hours preceding the incident, but it was in fact an amendment as he completely changed his answer. *Id.* Then, on February 2, 2021, Plaintiff served Amended Supplemental Discovery Responses, in which Plaintiff amended his "supplemental" response to Interrogatory No. 13 by asserting his rights under the Fifth Amendment of the Constitution of the United States and article I, section 9 of the Washington State Constitution, even though he had previously answered the interrogatory twice. *Id.*, ¶6, Exs, 5, 3, 2.

Still not having received supplemental discovery responses to certain deficient discovery responses as discussed, on February 3, 2021, defense counsel wrote Plaintiff's counsel, outlining the continuing discovery deficiencies, and noting that Plaintiff's failure to respond to discovery was preventing defense counsel from preparing their clients' defenses. *Id.*, ¶7, Ex. 6. Defense counsel requested that Plaintiff's counsel advise by the end of that week if they needed to confer for a second time on any of the remaining deficient discovery responses; otherwise, defense counsel would expect supplemental responses within a week. Plaintiff did not supplement his deficient discovery responses within a week. Nor did Plaintiff's counsel respond to the letter or otherwise indicate a need for an additional meet and confer. *Id.*

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 6
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Also on February 3, 2021, defense counsel wrote a separate letter regarding Plaintiff's amended response to Interrogatory No. 13 in which he now, after answering the interrogatory twice, was invoking his Fifth Amendment rights. *Id.*, ¶8, Ex. 7. Defense counsel requested that Plaintiff withdraw his invocation as he had waived the right by answering the interrogatory previously; otherwise, defense counsel requested a discovery conference on the issue at 9:30 a.m. on February 8. Plaintiff did not withdraw his invocation prior to February 8. Nor did Plaintiff's counsel respond to this letter or propose another time to meet and confer. *Id.*

Defense counsel called Plaintiff's counsel on February 8 at 9:30 a.m. to confer on Interrogatory No. 13. Plaintiff's counsel did not pick up, so defense counsel left a voicemail and then followed up with an email inquiring on when she was available to confer on the issue that day or the next. Plaintiff's counsel responded to the email later that morning and said she was "waiting to hear back from [her] client and should be able to get back to [defense counsel] this week." *Id.*, ¶9, Ex. 8. Plaintiff's counsel did not get back to defense counsel by the end of that week. *Id.*, ¶9.

The following Tuesday, February 16, having not received supplemental discovery responses that Plaintiff's counsel indicated would be served by January 26 or an indication from Plaintiff's counsel that another meet and confer was necessary, and having not received any indication from Plaintiff's counsel on when they were available to meet and confer on Interrogatory No. 13, defense counsel wrote Plaintiff's counsel another letter indicating it would call Plaintiff's counsel on February 18 at 9:30 to confer on the outstanding discovery issues. Defense counsel reiterated that Plaintiff's failure to provide complete and accurate discovery responses was preventing Defendants from preparing their defenses. *Id.*, ¶10, Ex. 9. Later that day, Plaintiff served his second supplemental responses and, with respect to Interrogatory No. 13, withdrew his invocation of rights under the Fifth Amendment. *Id.*,¶10, Exs. 10 and 11.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 7
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Certain of Plaintiff's discovery responses remained deficient. For example, Plaintiff said in response to the interrogatory concerning his contacts with law enforcement, "Discovery is ongoing, and Plaintiff intends to supplement his answer as further information is obtained." *Id.*, Exs. 4 and 10. Most notably, Plaintiff still did not outline his claimed specific physical or non-physical injuries, which necessitated defense counsel having to follow up with Plaintiff's counsel yet again. *Id.*, ¶11. On February 22, 2021, counsel again conferred on the County's Interrogatory No. 11 and Request for Production No. 8 regarding Plaintiff's claimed damages, after which defense counsel sent Plaintiff's counsel a memorializing letter, which stated in part that, "[w]ithout having the ability to conduct discovery into [Plaintiff's] claimed damages, we are unable to determine if [Defendants] may need expert testimony to opine on [Plaintiff's] claimed damages." *Id.*, ¶12, Ex. 12. Plaintiff supplemented his response to Interrogatory No. 11 on February 24, 2021. Dkt. 50, ¶2, Ex. 1.

The time spent by defense counsel throughout January and February 2021 to obtain certain responses to the County's First Set of Interrogatories and Requests for Production that were served in October 2020 is a clear indicator that Plaintiff was unwilling to comply with the discovery rules or otherwise engage in meaningful discovery.

    ii.    *Defendants struggle to obtain Plaintiff's medical records, which necessitated a request to continue the expert report deadline.*

Additionally troubling is that defense counsel learned through review of Plaintiff's medical records thus far received of several additional providers Plaintiff had seen during the responsive time period that he had not disclosed in response to discovery requests. Duncan Decl., ¶13. Because of the difficulties in obtaining discovery needed to prepare the defenses, defense counsel wrote Plaintiff's counsel on April 9, 2021, to request that the parties stipulate to extend the expert report deadline, to which Plaintiff's counsel ultimately agreed. *Id.*, ¶14, Ex. 13; Dkt. 40. That letter outlined in some detail the difficulties defense counsel encountered in obtaining discovery relevant to the claims and defenses. In that letter, defense counsel also indicated that it

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 8
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

would be sending a proposed stipulation for a Rule 35 psychological exam in a separate correspondence. Duncan Decl., Ex. 13.

Additionally, for one of the undisclosed providers (DSHS) that defense counsel learned of through review of medical records, Plaintiff's counsel and defense counsel agreed that Plaintiff, through Plaintiff's counsel, would request the release of his DSHS records so that his counsel had an opportunity to review them prior to defense counsel obtaining them. Defense counsel understood that DSHS was producing responsive records to Plaintiff's counsel in installments. Plaintiff has not produced any installments of DSHS records subsequent to his counsel's withdrawal, so it is unclear whether defense counsel has all relevant DSHS records in its possession. *Id.*, ¶13.

> iii.    *Plaintiff's counsel moves to withdraw after Defendants send them a proposed stipulation for a Rule 35 psychological evaluation; Plaintiff continues to refuse to meaningfully engage in discovery.*

On April 12, 2021, defense counsel sent Plaintiff's counsel the proposed stipulation for the Rule 35 psychological exam to take place on May 25, 2021. *Id.*, ¶15, Ex. 14. In the cover letter, defense counsel requested that Plaintiff's counsel advise by 5 p.m. on Friday, April 16 whether Plaintiff agreed to the proposed stipulation. *Id.* Plaintiff's counsel never responded to this letter, and after 3 p.m. on Friday, April 16, without prior notice, Plaintiff's counsel filed a motion to withdraw from representing Plaintiff in this matter. *Id.* Dkt. 41. The parties conferred on the proposed stipulation for the Rule 35 exam on April 20. During that call, Plaintiff's counsel indicated he had limited contact with his client. Dkt. 50, ¶5.

On April 26, 2021, while still represented by counsel, Plaintiff served answers to Plaintiff's Second Set of Requests for Admission. Plaintiff did not provide answers to certain requests for admission as he asserted his rights under the Fifth Amendment of the Constitution of the United States and article 1, section 9 of the Washington State Constitution. Plaintiff's answers to other requests for admission were inconsistent with other discovery. Duncan Decl., ¶16.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 9
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Therefore, on April 28, defense counsel wrote Plaintiff's counsel a letter explaining discovery deficiencies and requesting that Plaintiff amend or supplement the deficient and/or inaccurate discovery responses. *Id.*, Ex. 15. Plaintiff's counsel did not respond to this letter. Nor did Plaintiff amend and/or supplement the deficient and/or inaccurate discovery responses. *Id.*, ¶16.

On May 12, 2021, while still represented by counsel, Plaintiff served his objections to the County's Second Set of Interrogatories to Plaintiff. Plaintiff did not answer the interrogatory posed in the Second Set of Interrogatories to Plaintiff. *Id.*, ¶17, Ex. 16.

    iv.   *Now representing himself* pro se*, Plaintiff refuses to meet and confer on the proposed stipulation for the Rule 35 evaluation and deficient discovery responses.*

The Court granted Plaintiff's Motion to Withdraw on May 18, 2021, and, as a result, Plaintiff is now proceeding *pro se* in this action. Dkt. 47. The Court's Order states in part, "Unless and until [Plaintiff] retains new counsel, he is expected to follow the local rules of this district…and the Federal Rules of Civil Procedure." *Id.* Defense counsel wrote Plaintiff a letter on May 19, 2021, in which defense counsel requested a meet and confer on the proposed stipulation for the Rule 35 exam, and further requested that Plaintiff supplement his deficient discovery responses (or no responses at all) or, alternatively, meet and confer on the deficient discovery responses. Defense counsel also notified Plaintiff of Defendants' intent to serve a subpoena on an additional medical provider discovered by review of Plaintiff's medical records.[3] Duncan Decl., ¶18, Ex. 17. Plaintiff did not respond to this letter or otherwise contact defense counsel. *Id.*  Two days later, on May 21, defense counsel wrote Plaintiff another letter indicating their intent to serve a subpoena on an additional medical provider that defense counsel discovered through review of Plaintiff's medical records. *Id.*, ¶19, Ex. 18. Plaintiff did not respond to this letter or otherwise contact defense counsel.[4] *Id.*

---

[3] Defendants attempted to obtain a stipulation for release of these medical records while Plaintiff was still represented to no avail. *Id.*, ¶18 n.1.

[4] Defendants have not been able to obtain these records through subpoena, which may require Defendants to bring a motion to compel. *Id.*, ¶19 n2.

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

As explained to Plaintiff in the May 19 letter to him, defense counsel called Plaintiff on May 25, 2021 to confer on the proposed stipulation for the Rule 35 exam. The call went straight to voicemail, which indicated it was Plaintiff's phone. Defense counsel requested that Plaintiff call them back by 5 p.m. on May 26 to confer, and that if they were not able to meet and confer by then, Defendants would proceed with filing a motion to compel. Plaintiff did not try to contact defense counsel and, therefore, moving Defendants filed their motion to compel. Dkt. 50.

On May 27, 2021, moving Defendants served a Notice of Video Deposition of Plaintiff via mail and email, which set Plaintiff's video deposition for June 30 at 9:00 a.m. Duncan Decl., ¶20, Ex. 19. Plaintiff did not indicate a conflict with this date and time or otherwise contact defense counsel for any reason. *Id.*

Defense counsel called Plaintiff on June 7, 2021 to confer on Plaintiff's deficient discovery responses. Again, the call went straight to voicemail, indicating it was Plaintiff's phone. Defense counsel stated in the voicemail that they were calling to speak with Plaintiff about deficiencies in his discovery responses and that Defendants may file a motion to compel. Defense counsel left a telephone number for Plaintiff to return the call if he wished to discuss the matter. Plaintiff did not try to contact defense counsel in any manner subsequent to this voicemail. Dkt. 52.

A few weeks later, on June 28, 2021, defense counsel inquired with the Court via email as to when the Court may rule on the unopposed Motion for Rule 35 evaluation given the proposed date for the exam was July 6, 2021. Duncan Decl., ¶21, Ex. 20. Plaintiff responded to defense counsel's email, stating, "I do not have any representation and until somebody will help me I am not sure at all what to do with or how to apply to this case." *Id.*, Ex. 21. Defense counsel forwarded the email to the Court. *Id.*, Ex. 22. The next morning, June 29, the Court granted Defendants' unopposed Motion for a Rule 35 psychological evaluation of Plaintiff. Dkt. 54. Counsel for

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 11
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

Defendants Boice and Wallin sent a copy of the Court's order to Plaintiff by email. Duncan Decl., ¶22, Ex. 23.

> *v.*    *Plaintiff fails to appear at his properly noted deposition and violates the Court's order by not appearing for his Rule 35 evaluation; Plaintiff emails "F\*\*\* YOU" to the Rule 35 examiner and a County employee.*

Plaintiff's video deposition was set for June 30, 2021. *Id.*, Ex. 19, ¶23. Counsel for Defendants were present, along with the videographer and court reporter. Plaintiff failed to appear. Counsel for Defendants Boice and Wallin called Plaintiff's cell phone at approximately 9:15 a.m., fifteen minutes after the 9:00 a.m. start time. The call went straight to voicemail, on which counsel for Defendants Boice and Wallin asked Plaintiff to return her call to let her know whether Plaintiff would be attending his deposition. Counsel for Defendants Boice and Wallin then followed up by email and indicated that everyone was present in the conference room and inquired whether he would be attending his scheduled deposition. *Id.*, ¶23, Ex. 24. Plaintiff did not respond to either the voicemail or email. Defense counsel, the videographer, and the court reporter waited until approximately 9:30 a.m. for Plaintiff to appear before going on the record to note Plaintiff's non-appearance. *Id.*, ¶23.

The following Tuesday, July 6, was the Court-ordered Rule 35 psychological evaluation. Dkt. 54. Plaintiff failed to appear in violation of the Court's order. When Dr. Freedman, the Rule 35 examiner, emailed Plaintiff the Zoom link for the evaluation, Plaintiff responded in part, "I have no care to read or respond to your message because, like Abraham was Known to be chaff by Melchizedek, I Know that I did and do my best to very truly CURSE you to be held accountable for ALL that is Hated by God that you do." Freedman Declaration. When Dr. Freedman responded and attached the Court's Order regarding the evaluation, Plaintiff responded with colorful and biblical language (*i.e.*, "I have no clue who scheduled this and I do not necessarily invite anything of this sort…I am intensely angered at this invitation and Do Pray that Harsh, Eternally Fervent

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 12
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

and Hatred of Christ will be felt to seep from you-just like Jesus HATES you [rainbow emoji]…F[***] YOU [string of various emojis.]" Freedman Declaration.

That same day, a Snohomish County Sheriff's Office Public Disclosure Unit employee emailed Plaintiff an installment of records responsive to one of the public records requests submitted by Plaintiff's former counsel on behalf of Plaintiff. The employee's email stated in part, "Please see the attached documentation pertaining to your public records request." Plaintiff responded, "No and F[***] You In Christ [black heart emoji.]" Payne Decl., Exs. B and C. The next day, the same County employee inquired with Plaintiff on another one of the public records request that Plaintiff's former counsel had made on behalf of Plaintiff. *Id.*, Ex. D. Plaintiff's response to the County employee stated, "By Christ, I Pray InChrist[sic] for you to have to eat feces and for the men of your family, By the Power of Jesus Christ To Rot in Hell whenever they die, however they do. Amen [string of various emojis.]" *Id.*, Ex. E.[5]

The only contact defense counsel has had from Plaintiff was the June 28 email described above that defense counsel forwarded to the Court. Duncan Decl., ¶21.

Dismissal with prejudice is warranted based on (1) Plaintiff's failure to meaningfully engage in discovery prior to his counsel's withdrawal, as evidenced by defense counsel's need to follow up a number of times on discovery deficiencies; (2) Plaintiff's failure to meet and confer on various discovery issues subsequent to his counsel's withdrawal; (3) Plaintiff's failure to attend his properly noted deposition; (4) Plaintiff's failure to attend the Rule 35 evaluation in violation of the Court's order; and (5) his abandonment of this lawsuit as established by his conduct in this matter.

//

//

---

[5] Plaintiff's recent emails to Dr. Freedman and a County employee are strikingly similar to moving Defendants' affirmative allegation in their Answer to the Amended Complaint that Plaintiff was "yelling about various religious subjects" to deputies at the time of the incident at issue. *See* Dkt. 33, ¶46; Freedman Declaration; Payne Decl., Exs. C and E.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 13
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

### III.   ISSUES

1.     Whether the Court should dismiss this action when Plaintiff (1) has failed to fully respond to and/or supplement discovery requests, or otherwise meet and confer with defense counsel on the deficient discovery responses; (2) failed to appear for his properly noted deposition; and (3) failed to appear for the Rule 35 evaluation in violation of the Court's Order? Yes.

2.     Whether the Court should dismiss this action when Plaintiff's conduct in this litigation, including but not limited to failing to engage in discovery, violating the Court's Order, and swearing at the Rule 35 examiner by email, demonstrates his abandonment of this lawsuit? Yes.

3.     In the alternative, should the Court deny moving Defendants' motion to dismiss, whether the Court should issue an amended case schedule, including continuing the expert report deadline by 120 days so that the Rule 35 evaluation can be rescheduled (even though Plaintiff is unlikely to appear at any rescheduled evaluation), and order Plaintiff to reimburse moving Defendants for the reasonable costs of the Rule 35 evaluation and the videographer and court reporter for his deposition? Yes.

### IV.   EVIDENCE RELIED UPON

This motion is based on the July 7, 2021 declaration of Dr. Evan Freedman and the exhibits attached thereto; the July 14, 2021 declaration of Jessica Payne and the exhibits attached thereto; the July 15, 2021 declaration of Margaret Duncan and the exhibits attached thereto; and the pleadings and papers on file in the case.

### V.   AUTHORITY AND ARGUMENT

A.   Legal Standard.

Under Rule 37(d), a court may order sanctions, including dismissing the action in part or in whole, if a party fails, after being served with proper notice, to appear for their deposition or fails to serve answers, objections, or written responses to interrogatories or requests for

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 14
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

productions. Fed. R. Civ. P. 37(d)(3). Additionally, under Rule 37(b), a court may order sanctions, including dismissal of the action in part or in whole, if a party fails to obey an order to provide or permit discovery, including an order under Rule 35. Under LCR 37(a)(1), if the court finds that a party proceeding *pro se* "willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules." Under LCR 11(c), a party who "without just cause" fails to comply with any of the Federal Rules of Civil Procedure, the local rules, or an order of the court, or who otherwise "obstructs the proceedings in a case may, in addition to or in lieu of the sanctions or penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." Rule 41(b) also allows for dismissal, providing that where a plaintiff fails to prosecute his case or fails to comply with a court order, the defendant may move to dismiss an action. *See* Fed. R. Civ. P. 41(b).

Dismissal is proper where violations are "due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotation marks omitted) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988)). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (internal quotation marks omitted). The Ninth Circuit considers, in addition to bad faith, five factors when determining whether dismissal under Rules 37 and 41 is appropriate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (internal quotation omitted); *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). *Pro se* litigants are held to the same procedural rules as those parties represented by counsel. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 15
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

"This 'test' is not mechanical." *Conn. Gen Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Rather, it provides the district court with a way to consider how to proceed. The Ninth Circuit has also made clear that "[t]he most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.' " *Id.* at 1097 (citing *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)).

The Court should dismiss this action.

B.   The Court should dismiss this action because Plaintiff has failed to engage in discovery and comply with the Court's order; his conduct also suggests an abandonment of his claims.

As a preliminary matter, the Court must consider whether Plaintiff exhibited "willfulness, bad faith, and fault." *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. When a party demonstrates indifference to discovery requests and court orders, it is a demonstration of bad faith and weighs in favor of dismissal. *See Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990). There is no doubt Plaintiff is receiving defense counsel's emails, as Plaintiff responded to defense counsel's email inquiring with the Court on when the Court may rule on the pending, unopposed motion to compel the Rule 35 psychological evaluation. Therefore, Plaintiff has willfully ignored defense counsel's requests to confer on various discovery issues. Additionally, Plaintiff willfully ignored his properly noted deposition, as well as the Court's ordering his attendance at the Rule 35 evaluation by failing to appear and emailing the Rule 35 examiner "F[***] YOU" when he sent Plaintiff the Court's Order. *See* Freedman Declaration. The only contact from Plaintiff subsequent to his counsel's withdrawal was a one-sentence email that stated, "I do not have any representation and until somebody will help me I am not sure at all what to do with or how to apply to this case." *See* Duncan Decl., Ex. 21. However, *pro se* litigants must follow the same rules of procedure that govern other litigants, *Carter,* 784 F.2d at 1008, and Plaintiff has failed to

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 16
C20-1024-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

comply with the Court's order or the discovery rules. *See also* Dkt. 47 ("Unless and until he retains new counsel, [Plaintiff] is expected to follow the local rules of this district…and the Federal Rules of Civil Procedure."). The threshold requirement of willfulness, bad faith, and fault is satisfied.

Additionally, the five-factor test derived from *Wanderer* tilts decisively in favor of dismissal.

     i.     *Public's interest in expeditious resolution and the Court's docket.*

The first two factors weigh in favor of dismissal—the public's interest in the expeditious resolution of the case and the Court's ability to manage its docket. Plaintiff's unresponsiveness threatens both an expeditious resolution and the orderly and timely disposition of cases on the Court's docket. This case has been pending for over a year. Defendants still do not have complete responses to discovery requests served in October 2020. Nor has Plaintiff provided any answer to the interrogatory served in April 2021. Plaintiff violated the Court's Order concerning the Rule 35 evaluation by not participating in the evaluation. On top of that, he cursed at the Rule 35 examiner when he sent Plaintiff a copy of the Court's Order. Plaintiff also failed to appear for his deposition or return counsel's call or email inquiring as to whether he would be appearing. Plaintiff's failure to engage in the discovery process is preventing Defendants from preparing their defenses, and, as a result, preventing the expeditious resolution of this case and the Court's ability to manage its docket. *See, e.g., Sedgwick v. Unknown K9 Handler*, 2013 WL 2396155, at *8 (S.D. Cal. May 31, 2013) ("Plaintiff must cooperate in order for the case to move forward, and the Court, without any way to contact Plaintiff, is at a loss to understand how the case will be able to proceed without an active and available Plaintiff.").

Additionally, Plaintiff's failure to engage in discovery suggests Plaintiff has abandoned this action and, therefore, further time spent by the Court on this matter will "consume scarce judicial resources in addressing litigation which a plaintiff demonstrates no intention to pursue."

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 17
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

*See Helms v. Ram Trucking, Inc.*, 2010 WL 5089478, at *1 (W.D. Wash. Dec. 8, 2010). The Court previously extended the expert report deadline twice, and the other pretrial deadlines once. Continuing this case again would only cause the Court to dedicate further time to this matter. Indeed, moving Defendants' alternative relief seeks an amended case schedule, and defense counsel anticipates having to bring additional motions to compel to not only attempt to obtain Plaintiff to appear at his deposition and fully respond to discovery requests, but also to obtain additional medical records that have not been provided pursuant to subpoena. Plaintiff is unlikely to respond to any of these motions as indicated by his past pattern of communication. Due to significant judicial resources that have been spent or may need to be spent, and Plaintiff's nonparticipation, these factors weigh in favor of dismissal.

*Richardson v. City of Spokane*, 2013 WL 6795902 (E.D. Wash. Dec. 23, 2013) is instructive. There, the plaintiff failed to serve responses to written discovery requests. The plaintiff's counsel attempted to withdraw from representation of the plaintiff as he had had no contact with the plaintiff despite repeated attempts to contact her via phone call and email. *Id.* The plaintiff continued to be unresponsive and failed to appear for her deposition. *Id.* The *Richardson* court granted the defendant's motion to dismiss as the plaintiff's "unilateral, unpredictable decision to indefinitely absent herself from the proceedings" left the court unable to manage its docket. *Id.* at *4. Like in *Richardson,* Plaintiff has absented himself from this litigation. The Court should dismiss this action.

    ii.    *Prejudice to Defendants.*

In regard to the third factor, prejudice to Defendants, Defendants are prejudiced by Plaintiff's noncompliance with the rules of discovery, his failure to attend his properly noted deposition, and his flagrant disobeying of the Court's order on the Rule 35 evaluation. Due to Plaintiff's willful and intentional actions, Defendants have been and will continue to be prejudiced by the inability to obtain discovery in a timely manner if this case proceeds. Indeed, it

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 18
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

took a number of follow ups with Plaintiff's counsel to obtain supplemental discovery responses, and Plaintiff has refused to meet and confer with defense counsel in regard to the discovery responses he has not responded to or supplemented. This case has been pending for over a year, and moving Defendants have used significant resources in attempting to gain Plaintiff's meaningful engagement in discovery. Now, Plaintiff is actively refusing to engage in discovery at all. Without Plaintiff's participation or compliance with the rules of discovery, Defendants are hindered in their ability to explore Plaintiff's allegations and prepare their defenses.

In *Solomon v. C R Bard Inc.*, 2020 WL 7385737 (W.D. Wash. Dec. 16, 2020), the defendant was unable to depose the plaintiff despite months of communication with the plaintiff's former counsel. *Id.* at *1. The plaintiff's counsel withdrew from the case after losing contact with the plaintiff. *Id.* The plaintiff did not appear for his deposition or respond to new discovery requests after proceeding *pro se*. *Id.* The court granted the defendant's motion to dismiss for failure to prosecute as his deposition, at which he failed to appear, was critical to understand the alleged injury and damages. *Id.* at *2. The court further noted the plaintiff's failure to communicate with his former counsel, respond to the motion to dismiss, or communicate with the court lead to the conclusion that the plaintiff was no longer interested in pursuing the lawsuit. *Id.*

As in *Solomon*, Plaintiff's deposition, at which he failed to appear, is critical to understand the alleged injuries and damages, and just as in *Solomon*, Plaintiff here has failed to fully respond to discovery requests. Plaintiff's failure to communicate with defense counsel suggests Plaintiff is no longer interested in pursuing the lawsuit. Unlike in *Solomon,* Plaintiff here has already violated the Court's Order regarding the Rule 35 evaluation. Indeed, Plaintiff told the Rule 35 examiner, "F[***] YOU[,]" when the examiner emailed Plaintiff a copy of the Court's Order. The Court should dismiss this action as Defendants cannot explore Plaintiff's allegations or prepare their defenses without Plaintiff's participation.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 19
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

*iii.*      *Resolution on the merits.*

The fourth factor, the preference for resolution of matters on their merits, is the only factor arguably in favor of Plaintiff. However, given the lack of contact with Plaintiff, and the fact that Plaintiff still has not completely responded to discovery requests, failed to appear for his properly noted deposition, and failed to comply with the Court's order on the Rule 35 evaluation, dismissal is appropriate. *See also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate where three of the five factors supported dismissal). Indeed, this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *White v. Relay Resources,* 2020 WL 3488425, at *3 (W.D. Wash. June 26, 2020) (quoting *In re PPA,* 460 F.3d 1217, 1228 (9th Cir. 2006)); *see also Hanrahan v. King Cty.*, 2021 WL 1208583, at *2 (W.D. Wash. Mar. 31, 2021) ("the policy of resolving cases on their merits lends little support to [plaintiff], whose failure to provide discovery obstructed the resolution of his claims on the merits."). Additionally, Fed. R. Civ. P. 41(b) states as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--<u>operates as an adjudication on the merits.</u>

Rule 41(b) (emphasis added). Therefore, dismissal under Rule 41(b) is indeed an adjudication on the merits.

In *Celce v. Holland America,* 2007 WL 1367704 (W.D. Wash. May 8, 2007)*,* the defendants attempted to arrange the plaintiff's deposition and Rule 35 independent medical examination to no avail throughout the fall and winter. Then, the plaintiff's counsel filed a motion to withdraw in January, which the Court granted. The defendant's counsel indicated he attempted

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 20
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

to move forward with discovery, but that the plaintiff failed to respond to letters sent to her last known address. The plaintiff did not appear for her depositions that were noted in February and March. The defendant then moved for an order of dismissal with prejudice. The court found that the sanction of dismissal was not yet warranted, but that the defendants were entitled to pursue discovery and to have the case move forward. The court ordered the plaintiff to appear for a properly noted deposition and independent medical examination by a certain date and, if she failed to make herself available for the deposition or the examination, the court would assume that she willfully refuses to participate in the discovery process. The court ordered defendants to inform the court on May 30 whether the plaintiff had fully complied with the order; if she had not done so, then the court would dismiss the action with prejudice without further motion. *Id.* at *1.

Here, dismissal with prejudice is warranted and not premature like in *Celce*. Unlike in *Celce,* the Court has already ordered Plaintiff to appear for his Rule 35 evaluation. Plaintiff violated the Court's order by not appearing, and his responses to the Rule 35 examiner's emails demonstrate he is unwilling to participate in discovery in any meaningful way. Additionally, Defendants still do not have complete responses to discovery, notwithstanding their repeated efforts to obtain complete discovery responses over the last several months. Resolution on the merits is simply not possible when there is no confidence that Defendants will ever have access to the true facts, and, therefore, this factor weighs in favor of Defendants. *See Conn. Gen. Life Ins. Co.,* 482 F.3d at 1097.

  *iv.*  *Availability of less drastic sanctions.*

Finally, the Court must examine the availability of less drastic sanctions. *Id.* at 1096. The Court "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson,* 779 F.2d 1421, 1424 (9th Cir. 1986). Less drastic sanctions, although potentially available, are unlikely to gain Plaintiff's meaningful participation in this case. *Elliott v. United Parcel Service, Inc.*, 2009 WL 213004

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR,
SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO
RULES 37 AND 41 - 21
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

(W.D. Wash. Jan. 28, 2009) is instructive. There, the plaintiff was unable to obtain replacement counsel after her counsel had withdrawn and had taken "little to no action" in furtherance of her case against the defendant.[6] The *Elliott* plaintiff had also been unresponsive to discovery orders and requests, and she had failed to appear for her three noted depositions. *Id.* at *1. The court found that the five factors weighed "heavily" in favor of dismissal as (1) the defendant suffered significant prejudice because her refusal to appear at depositions impaired the defendant's ability to prepare for trial; (2) public policy no longer favored allowing the case to proceed given the plaintiff's refusal to cooperate; and (3) the "existence of less drastic sanctions is also no help to [plaintiff] because the [c]ourt has already attempted, without success, to compel discovery." *Id.* at *2.

Like in *Elliott,* the availability of less drastic sanctions does not weigh in favor of Plaintiff because the Court already attempted, without success, to compel the Rule 35 evaluation. Instead of simply ignoring Dr. Freedman's email containing the link to the Zoom meeting for the Rule 35 evaluation, Plaintiff opted to respond to the email by saying, "I have no care to read or respond to your message…[.]" When Dr. Freedman responded and attached the Court's order regarding the Rule 35 evaluation, Plaintiff cursed at him. Additionally, Plaintiff has refused to provide complete discovery responses, failed to confer with defense counsel on those responses' deficiencies, and failed to appear at his properly noted deposition, even though he has access to his email as evidenced by his sole email to defense counsel and his inappropriate emails to Dr. Freedman and a County employee. Less drastic sanctions are unlikely to gain Plaintiff's meaningful participation in this litigation, which has been pending for over a year, and Defendants should "not be forced to continue litigating this case singlehandedly any longer." *See White,* 2020 WL 3488425, at *3; *see also Hanrahan v. King Cty.*, 2021 WL 1208583, at *2 (W.D. Wash. Mar.

---

[6] The *Elliott* plaintiff's sole contact with the Court was a motion for extension of time to find replacement counsel, which was denied. Here, Plaintiff has not requested any relief from the Court, which further demonstrates his disinterest in this litigation.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 22
C20-1024-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

31, 2021) (plaintiff "did not respond to discovery requests or appear for his deposition, did not oppose the present motion to dismiss, and has not participated in the case for almost a year…[e]ven if less drastic sanctions were available, the [c]ourt would nonetheless determine that dismissal is appropriate because of the other factors weighing in its favor."). The Court should dismiss this action.

B.   In the Alternative, if the Court denies Moving Defendants' Motion to Dismiss, the Court Should Issue an Amended Case Schedule and Require Plaintiff to Reimburse Moving Defendants' Reasonable Costs of the Rule 35 Evaluation and Plaintiff's Deposition.

Alternatively, should the Court deny moving Defendants' motion to dismiss, moving Defendants request that the Court (1) issue an amended scheduling order, including extending the deadline for expert reports by an additional 120 days so that Defendants have sufficient time to reschedule another Rule 35 psychological evaluation with Dr. Freedman; and (2) order Plaintiff to reimburse moving Defendants the reasonable costs of the July 6 Rule 35 evaluation that he failed to appear at in violation of the Court's order, as well as the court reporter and videographer fees for Plaintiff's June 30, 2021 deposition at which he failed to appear.[7] As stated by Dr. Freedman, given Plaintiff's refusal to participate in the Rule 35 evaluation, Dr. Freedman is unable to complete his assessment or provide any findings, diagnoses or conclusions. *See* Freedman Declaration. It bears noting, however, that Plaintiff is unlikely to appear at any rescheduled Rule 35 evaluation given Plaintiff's lack of cooperation in this matter and his emails to Dr. Freedman.

VI.   **CONCLUSION**

For the foregoing reasons, moving Defendants respectfully request that the Court grant their motion to dismiss and dismiss Plaintiff's claims with prejudice. In the alternative, should the Court deny the requested relief, moving Defendants request that the Court issue two orders:

---

[7] Should the Court deny moving Defendants' motion to dismiss, moving Defendants request that the denial be without prejudice so that Defendants may renew their motion should Plaintiff continue to not participate in this case.

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 23
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

(1) an order amending the case schedule, including extending the deadline for expert reports by an additional 120 days so that Defendants have sufficient time to reschedule another Rule 35 psychological evaluation with Dr. Freedman; and (2) an order requiring Plaintiff to reimburse moving Defendants' the reasonable costs of the July 6 Rule 35 evaluation, as well as the court reporter and videographer fees for Plaintiff's deposition at which he did not appear on June 30, 2021.

DATED this 15th day of July, 2021.

ADAM CORNELL
Snohomish County Prosecuting Attorney

By:   _/s/Margaret A. Duncan_
MARGARET A. DUNCAN, WSBA #47876
DEBORAH A. SEVERSON, WSBA #35603
Deputy Prosecuting Attorneys
Snohomish County Prosecutor's Office-Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201-4060
Phone: 425.388.6330 / Fax: 425.388.6333
Margaret.Duncan@co.snohomish.wa.us
Deborah.severson@co.snohomish.wa.us

*Attorneys for Defendants Snohomish County, Adam Fortney, Jason Harris, Nathan Smith and Ronald Smarr*

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 24
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

## DECLARATION OF SERVICE

I hereby certify that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that I caused to be served a true and correct copy of foregoing document upon the persons listed by the methods indicated:

Paul Barracliffe II
11911 E. Gibson Road #2A
Everett, WA  98204
freefoodpaul@gmail.com
*Plaintiff pro se*

☐ **Electronic Filing (CM/ECF)**
☐ Facsimile
☒ Email
☒ **U.S. Mail**
☐ Messenger Service

Shannon M. Ragonesi
Paul J. Triesch
Keating, Bucklin & McCormack
801 Second Avenue, Suite 1210
Seattle, WA  98104
sragonesi@kbmlawyers.com
ptriesch@kbmlawyers.com
*Attorneys for Arthur Wallin and Matthew Boice*

☒ **Electronic Filing (CM/ECF)**
☐ Facsimile
☐ **Email-**Per Stipulated E-Service Agreement
☐ **U.S. Mail**
☐ Messenger Service

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Everett, Washington, this 15th day of July, 2021.

_____
Teresa Kranz, Legal Assistant

DEFENDANTS SNOHOMISH COUNTY, FORTNEY, SMARR, SMITH, AND HARRIS'S MOTION TO DISMISS PURSUANT TO RULES 37 AND 41 - 25
C20-1024-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333