UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL BARRACLIFFE, II,

    Plaintiff,

v.

SNOHOMISH COUNTY SHERIFF ADAM FORTNEY, *et al.*,

    Defendants.

Cause No. C20-1024RSL

ORDER OF DISMISSAL

    This matter comes before the Court on "Defendants Snohomish County, Fortney, Smarr, Smith, and Harris's Motion to Dismiss Pursuant to Rules 37 and 41." Dkt. # 55. Plaintiff, acting through counsel, filed this lawsuit asserting claims of unlawful arrest/detention, excessive force, failure to prevent harm, assault and battery, negligence, intentional infliction of emotional distress, and negligent supervision/training. Plaintiff's attorneys withdrew from the representation in April 2021. Since that time, plaintiff has failed to participate in the litigation in any meaningful manner. He failed to meet and confer when requested, failed to appear for his deposition, and failed to participate in motions practice. Plaintiff most recently refused to comply with the Court's order compelling him to participate in a Rule 35 examination: the record shows that the refusal was willful and unequivocal. Dkt. # 58.

ORDER OF DISMISSAL - 1

Defendants seek dismissal of plaintiff's claims under Rule 37 and Rule 41.[1] Termination is a harsh sanction that is justified only by "willfulness, bad faith, and fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). The Ninth Circuit applies a five-factor test when determining whether case dispositive sanctions under Rule 37(b)(2) are warranted:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Id.* The fifth factor focuses on "whether the district court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." This "test" is not mechanical, however. "The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). If the discovery violations "threaten to interfere with the rightful decision of the case," dismissal is warranted. *Valley Eng'rs.*, 158 F.3d at 1057 (quoting *Adriana Int'l. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

The first, second, and third factors strongly favor dismissal in this case. This action has been pending for more than a year. Plaintiff has, however, declined to participate since April 2021, depriving defendants of information they need to defend themselves from his claims. Even

---

[1] Because Rule 37(b) addresses the conduct at issue, the Court will rely on that authority rather than the more general powers provided by Rule 41.

ORDER OF DISMISSAL - 2

if plaintiff were suddenly to become compliant, his refusal to participate in the Rule 35 examination will require a continuance of the case management deadlines to accommodate a rescheduled examination. The fourth factor militates against dismissal, as is always the case.

The fifth factor is neutral in the situation presented here. Lesser sanctions - such as a monetary award or the striking of evidence - will not remedy the malfeasance at issue. Defendants have been unable to question plaintiff under oath and have been deprived of their expert's expertise. When presented with a clear judicial order compelling his participation in a Rule 35 examination, plaintiff declined to read it, instead doing his best to curse the examiner (in the biblical sense). Lesser sanctions will not provide the information defendants seek, and the truth-seeking purpose of this tribunal cannot function without plaintiff's participation. The Court has not, however, explicitly warned plaintiff that his continuing refusal to participate in discovery and/or his violation of the Court's order could result in the dismissal of his claims. Nevertheless, a lack of a judicial warning does not preclude dismissal in the circumstances presented. This factor is more problematic:

> when the dismissal is *sua sponte* rather than in response to a noticed motion. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). *Compare In re Eisen*, 31 F.3d at 1455, and *Morris [v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)] (rejecting a warning requirement in a case involving a noticed motion to dismiss), with *Oliva*, 958 F.2d at 274 (reversing a dismissal because the court *sua sponte* dismissed a case without considering alternative sanctions or giving a warning), and *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987) (reversing a district court's *sua sponte* dismissal of a case because it failed to warn prior to dismissal).

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). Defendants filed this motion to dismiss more than a month ago. The motion put plaintiff on

ORDER OF DISMISSAL - 3

notice that his recalcitrance violated the rules of the Court and that dismissal was the requested sanction. Nevertheless, he did not file an opposition, nor has he contacted defense counsel. The lack of a judicial warning does not change the facts that plaintiff's conduct threatens to interfere with the rightful decision of the case and that he has eschewed every opportunity to participate.

For all of the foregoing reasons, defendants' motion to dismiss under Rule 37 is GRANTED. Judgment will be entered fourteen days from the date of this Order unless plaintiff files a motion for reconsideration. For such a motion to be successful, plaintiff will have to agree to be deposed at a mutually agreeable time and date and to participate in a rescheduled Rule 35 examination as described in the Court's prior order.

Dated this 18th day of August, 2021.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4